**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MARK ALLEN RAYNOR, a/k/a Wilbert M. Raynor,

*Defendant-Appellant.*

No. 02-4883

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-97-64)

Submitted: April 2, 2003

Decided: April 11, 2003

Before WILKINSON and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Frank W. Dunham, Jr., Federal Public Defender, Walter B. Dalton, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Ryan Robert McKinstry, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In 1998, Mark Allen Raynor pleaded guilty to making false statements in connection with a loan application, in violation of 18 U.S.C. § 1014 (2000). He was sentenced to twenty-seven months in prison, to be followed by five years on supervised release. Raynor's supervised release term began in October 2000.

In July 2002, a probation officer filed a petition to revoke Raynor's supervision, citing numerous Grade B and C violations of conditions of release. Following a hearing at which Raynor admitted to all the charged violations, the district court revoked supervision and imposed a twenty-month term of imprisonment. Raynor timely appealed. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one issue for review but stating that the appeal presents no meritorious issues. Raynor was advised of his right to file a pro se brief, but has filed nothing.

We review a sentence imposed upon revocation of supervised release for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). Our thorough review of the *Anders* brief and the entire record discloses no reversible error. Because Raynor admitted to the charged violations, including the condition that he not commit a crime, the district court was authorized to revoke release and impose a prison term of up to five years. *See* 18 U.S.C. §§ 1014, 3581(b)(1), 3583(b)(1), 3583(e)(3) (2000).

Relevant guideline policy statements suggest that, for a defendant such as Raynor with a criminal history category of V who has committed a Grade B violation of supervised release, an appropriate term of imprisonment is between eighteen and twenty-four months. *See U.S. Sentencing Guidelines Manual* §§ 7B1.1(a)(2) (p.s.), 7B1.4(a) (p.s.) (2001). Raynor's twenty-month sentence falls within this range

and is well under the statutory maximum that could have been imposed.

At the revocation proceeding, the district court heard counsel's argument that imprisonment was not warranted because Raynor complied with the conditions of supervised release until he began experiencing medical and marital problems. However, the court found that Raynor's pattern of criminal conduct required that he serve additional time in prison. This did not constitute an abuse of discretion.

We therefore affirm. We have, as required by *Anders*, reviewed the entire record and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*